**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CORY FRIEND**<br><br>**On behalf of himself and**<br>**all other persons similarly situated,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**D.H. PACE COMPANY, INC.,**<br>**D/B/A OVERHEAD DOOR**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: 2:26-cv-2203** |

Service Instructions:

**AMENDED COMPLAINT**
***Class and Collective Action Claims***

**COMES NOW,** Plaintiff, Cory Friend, on behalf of himself, and all others similarly situated, by and through counsel, and hereby sets forth this representative action for violation of the Fair Labor Standards Act ("FLSA") under §216(b) and Wage-Related Class Claims Pursuant to Fed. R. Civ. P. 23 as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, on behalf of himself and all others similarly situated, brings this action against Defendant, D. H. Pace Company, Inc. (hereinafter "Overhead Door"), seeking straight time compensation for all hours worked, overtime compensation for hours worked over forty per week, and related penalties and damages.

2. Defendant's practice and policy is to willfully fail and refuse to pay integral and indispensable pre- and post-shift activities in violation of the continuous workday rule, resulting

in underpayment of overtime compensation due and owing to Plaintiff, and all other similarly situated employees, and doing so is in direct violation of the FLSA, 29 U.S.C. § 201 *et seq*., and Missouri state law. Overhead Door's deliberate and willful practice and policy of failing to pay employees their earned straight time compensation violates Kansas state law.

3. It is also Defendant's policy to fail to record and pay for all time worked throughout Plaintiff and the Class's shifts, in violation of the FLSA.

4. Defendant's pay practices and policies are in direct violation of the FLSA and Wage-Related state statutes, and therefore Plaintiff, on behalf of himself and all others similarly situated, seeks declaratory relief; straight time compensation for non-overtime workweeks under state law, overtime premiums for all overtime work under the FLSA and Missouri state law, liquidated and/or other damages as permitted by applicable law; and attorneys' fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Cory Friend currently resides in the State of Missouri.

6. Plaintiff was employed as a Laborer[1] for Defendant and performed work for Defendant in Kansas and Missouri.

7. Plaintiff often worked more than 40 hours in a normal workweek. He was not paid for all hours that he worked from the time he arrived at the workplace and began integral and indispensable activities such as vehicle inspections, obtaining assignments, loading tools and supplies, and driving to his first job of the day. Plaintiff, a former employee of Defendant, no

---

[1] "Laborers" are individuals employed by Defendant who perform various activities in the installation and service of Defendant's doors, including by not limited to "Installers," "Automatic Door Technicians," "Service Technicians," and/or "Technicians," who are required to perform tasks such as vehicle inspections, loading and unloading tools and supplies, and driving to and from job sites during their shifts.

longer has access to his paystubs, but discovery will reveal the number of hours paid per workweek. Electronic records and/or testimony will reveal the total hours worked per workweek. Plaintiff routinely worked 10 or more hours of time that he was not paid for in most workweeks.

8. The Putative Plaintiffs/Class Members are those current and former employees of Defendant who were suffered or permitted to work by Defendant while not being paid overtime compensation for all hours worked in excess of 40, and/or straight time compensation for non-overtime workweeks.

9. Defendant is a limited liability corporation organized in Delaware, with its headquarters located at 1901 E 119th St., Olathe, KS, 66061.

10. Defendant owns and operates numerous locations, in Kansas and throughout the nation, including, but not limited to the following states: Alabama, Arizona, Arkansas, Colorado, Florida, Georgia, Illinois, Iowa, Kansas, Louisiana, Massachusetts, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Washington and Wisconsin.

11. Some or all of the aforesaid locations are individually incorporated, or operate doing business under a separate trade name. However, each location engages in related activities generally necessary to the operation of the business, including materials purchasing from common suppliers, internet and other advertising (see, e.g. www.dhpace.com), shares unified operation by D. H. Pace management, common control of all locations from the corporate headquarters, and a common business purpose, such as installation and repair of garage doors and other fixtures on commercial and residential property.

12. At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees, and is thus liable to Plaintiff, and all others similarly situated, as an

employer, joint employer, single employer and/or otherwise according to statutory and/or common law.

## JURISDICTION AND VENUE

13. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

14. The United States District Court for the District of Kansas has personal jurisdiction because Defendant is headquartered in Kansas, registered in Kansas, has a registered agent in Kansas, regularly operates in Kansas, and Plaintiff and some of the putative collective class members are, or were, employees, working in Johnson County, Kansas, which is located within this District.

15. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these state claims are so related to the FLSA claims that they form part of the same case or controversy.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant conducts business, and has substantial business contacts in the District of Kansas, and the causes of action set forth herein have arisen, in part, and occurred, in part, in the District of Kansas.

17. Venue is further proper under 29 U.S.C. § 1132(e)(2) because Defendant has substantial business contacts within the State of Kansas.

## GENERAL CLASS AND COLLECTIVE ACTION ALLEGATIONS

18. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b); in that the claims of Plaintiff are similar to the claims of the Putative Plaintiffs.

19. The Putative Plaintiffs/Class Members are those current and former Laborers of Defendant who were suffered or permitted to work by Defendant while not being paid for that time, including overtime compensation for all hours worked in excess of 40 hours in a workweek.

20. The DH Pace Company, Inc. was established in the 1920s. In 1926, the first location opened as the Overhead Door Company of St. Louis. A year later, Overhead Door Company of Kansas City (1927) and a few years later the Overhead Door Company of Atlanta (1935) opened for business. In 1973, the operation of these three entities consolidated and became divisions of DH Pace Company, Inc. In 1995, the Company began selling commercial products and services under the DH Pace brand name in select markets. Defendant uses a signature "red ribbon" for branding purposes at all locations.

21. At all relevant times, Defendant has had a policy and practice of failing and refusing to compensate its laborers for all hours worked during the continuous workday, including overtime compensation for all hours worked in excess of forty hours per week.

22. Plaintiff and all Putative Plaintiffs/Class Members were subject to Defendant's policies and practices of failing and refusing to compensate employees their regular or statutorily required rate of pay for all hours worked. Instead, Plaintiffs were paid at varied rates, including an hourly rate that reflected only the hours Defendants billed or only a portion of the workday, and excluded numerous pre- and post-shift activities, rather than the hours actually worked.

23. Common questions of law and fact predominate in this action because the claims of Plaintiff, and all others similarly situated, are based on whether Defendant's policy and practice of failing and refusing to compensate its laborers with proper compensation for all hours worked during the continuous workday.

24. Plaintiff will adequately represent the interests of the Putative Plaintiff/Class Members because he is similarly situated to the Putative Plaintiff/Class Members and his claims are typical of, and concurrent to, the claims of the other Putative Plaintiff/Class Members.

25. There are no known conflicts of interest between Plaintiff and the other Putative Plaintiff/Class Members.

26. The class and/or collective action mechanism is superior to any alternatives that might exist for the fair and efficient adjudication of this cause of action.

27. Proceeding as a class and/or collective action would permit the potentially large number of injured parties to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of evidence, effort, and judicial resources.

28. A collective action is the only practical way to avoid the potentially inconsistent results that numerous individual trials are likely to generate.

29. Collective action treatment is the only realistic means by which Plaintiff can effectively litigate against a large, well-represented corporation such as Defendant.

30. Numerous repetitive individual actions would also place an enormous burden on the courts as they would be forced to take duplicative evidence and decide the same issues relating to Defendant's conduct repeatedly.

31. Individual joinder of all Putative Plaintiffs/Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

32. Each Putative Plaintiff/Class Member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices of permitting, suffering and/or failing to

properly compensate employees for their regular or statutorily required rate of pay for all hours worked during the continuous workday.

33. Class and/or Collective action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

34. Plaintiff, on behalf of himself and all others similarly situated, sets forth additional collective action allegations in the various counts set forth herein.

35. Plaintiff was employed by Defendant. During this time, Plaintiff performed work for Defendant as a Laborer.

36. Prior to and during Plaintiff's employment with Defendant, Defendant employed numerous other individuals, numbering in the hundreds if not thousands, who were not paid for all hours worked (the Putative Plaintiffs/Putative Representative Action Plaintiffs).

37. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as a Laborer within three years from the commencement of this action who have not been paid for all hours worked, and/or who have not been paid overtime compensation, at one and one-half times the regular rate of pay, for all work performed in excess of forty hours per week.

38. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Putative Representative Action Plaintiffs because the claims of Plaintiff are similar to the claims of the Putative Plaintiffs of the representative action.

39. Plaintiff and the Putative Representative Action Plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendant's

common practice, policy, or plan of refusing to properly pay for all hours worked in the workweek, including overtime compensation in violation of the FLSA.

40. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

41. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action.

42. At all times relevant herein, Defendant has had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

43. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked, from the first principal activity of the day until the last principal activity of the day, including preparatory and conclusory activities.

44. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for overtime at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

45. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA.

46. Plaintiff and the putative members of the FLSA representative action are entitled to be paid overtime compensation at a rate of 1.5 times their regular rate for all overtime hours worked.

47. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay its Laborers for all hours worked during the continuous workday, and failing and refusing to pay its Laborers overtime pay at a rate of not less than one and one-half the regular rate of pay

for work performed in excess of forty hours in a work week. Rather than paying its employees all overtime compensation owed, Defendant paid its employees: (1) on a job/piece basis, providing hours bid on a given job instead of hours actually worked; and/or (2) based only on time spent at job sites and not for integral and indispensable pre- and post-shift activities such as vehicle inspections, loading and unloading tools and supplies, and driving to and from job sites during their shift.

48. Plaintiff, and those similarly situated, regularly arrive at Defendant's facility each day to perform preparatory activities for which they are not compensated. These activities constitute the beginning of the continuous workday.

49. Instead of compensating Plaintiff and other laborers on an hourly basis, laborers' pay is based on only a portion of the time they spend working throughout the workday.

50. Plaintiff and other laborers routinely work more than 40 hours in a workweek, in many cases working over 60 hours. Despite this, neither Plaintiff nor other laborers were paid the overtime premium for all hours worked over 40 in a workweek.

51. Defendant's failure to compensate Plaintiff, and all others similarly situated, overtime compensation at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek constitutes a violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1).

52. Defendant's violation of the FLSA is continual in nature; in that Defendant continues to pay its employees under the same unlawful policies and procedures that are set forth in detail herein.

53. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) because Defendant made a conscious decision to not pay for all hours worked in the continuous workday.

54. Plaintiff, on behalf of himself and all others similarly situated, seeks damages in the amount of all respective overtime compensation at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, recovery of all attorneys' fees, costs, and expenses incurred in this action, to be paid as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

55. All similarly situated employees are similarly situated in that they are all subject to Defendant's same compensation policies, plans and/or procedures that require these employees to perform work without proper compensation. In turn, these practices deny similarly situated employees their compensation.

56. Plaintiff brings Count I (FLSA) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b). Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis, challenging Defendant's practices of, as well as failing to pay Plaintiff and other similarly situated employees for all minimum wages and overtime premiums for hours in excess of forty in a workweek. The class for the FLSA claims is defined as:

> All current and former Laborers of Defendant, from three years prior to their consent to join through trial, who were not compensated for all hours worked, including overtime pay at the applicable wage rates.

57. Pursuant to 29 U.S.C. § 216(b), FLSA claims may be pursued by those who opt-in to this case.

58. Plaintiff, individually and on behalf of other similarly situated employees, seeks

relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to pay Plaintiff and other similarly situated employees for all hours worked at a proper, legal rate.

59. The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential party-plaintiffs may easily and quickly be notified of the pendency of this action.

60. Plaintiff brings Count II (Straight Time Pay for Non-Overtime Workweeks Under the Kansas Wage Payment Act) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class-wide basis, challenging Defendant's practice of: (1) paying only for the billed hours rather than hours worked; and/or (2) failing to pay for all hours worked during the continuous workday. The Kansas Rule 23 class is defined as:

> All current and former Laborers at Defendant's sites in Kansas at any time during the last five years and who worked 40 hours or less in any given workweek but were not paid for all hours worked.

61. Plaintiff brings Count III (Overtime pay under Missouri State Law) as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class-wide basis, challenging Defendant's practice of: (1) paying only for the billed hours rather than hours worked; and/or (2) failing to pay for all hours worked during the continuous workday. The Missouri Rule 23 class is defined as:

> All current and former Laborers at Defendant's sites in Missouri at any time during the last three years who were not paid for all hours worked, including overtime pay.

62. Plaintiff brings Count IV (State Unjust Enrichment Claim) as a class action

pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant on behalf of all Laborers who were not paid for all hours worked. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a class-wide basis, challenging Defendant's practice of: (1) paying only for the billed hours rather than hours worked; and/or (2) failing to pay for all hours worked during the continuous workday. The Unjust Enrichment Rule 23 class is defined as:

> All current and former Laborers at any time within their state limitations period who were not paid for all straight time hours worked.

63. Excluded from the Unjust Enrichment class are laborers who worked in states with statutes that permit a state law wage and hour claims for straight time.

64. The Kansas, Missouri, and Unjust Enrichment classes all satisfy the numerosity standards, as it is believed to be over fifty and likely into the hundreds in each state. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

65. There are questions of fact and law common to the class predominating over any questions affecting individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following:

a. Whether class members were paid and/or were eligible to receive pay from the first integral and indispensable activity of the continuous workday to the last;

b. Whether Defendant had a policy and practice of failing to record and pay for all hours worked during the continuous workday;

c. Whether Defendant knew or had reason to know such policies and compensation practices were unlawful, and

d. Whether Defendant retained a benefit for such unlawful policies and compensation practices.

66. The aforementioned common questions predominate over any questions affecting individual persons, and a class action is proper as it relates to consistency, economy, efficiency, fairness, and equity.

67. The claims of Plaintiff are typical of those of the Class in that class members have been employed in the same or similar positions as the Class Representative and were subject to the same or similar unlawful practices as the Class Representative.

68. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying results, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

69. The Class Representative is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by the Class Representative and their undersigned counsel, who have experience in employment and class action lawsuits.

70. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine the rights of all class members in

conformity with the interest of efficiency and judicial economy.

**COUNT I – FLSA CLAIM**

71. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

72. Plaintiff was formerly employed by Defendant and worked from its office location in Johnson County, Kansas.

73. Plaintiff and other similarly situated employees regularly worked in excess of forty (40) hours per week.

74. Plaintiff and others similarly situated were not properly compensated for all hours worked at the applicable overtime premiums that are due and owing.

75. Plaintiff and the putative class members are not exempt from the right to receive minimum wages and overtime compensation under the FLSA.

76. Plaintiff and the putative class members were treated as non-exempt employees by Defendant under the FLSA.

77. Plaintiffs, and those similarly situated, regularly worked and/or continue to work in excess of forty (40) hours per week. Plaintiff and said "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

78. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

79. All similarly situated employees are similar in that they are all subject to Defendant's compensation policies and plan that does not pay them for all hours worked. In turn, this denies similarly situated employees their overtime compensation.

80. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. §216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by Defendant as similarly situated employees within three years from the commencement of this action who have not been compensated for all hours worked at the applicable wage rates, including overtime compensation at one and one-half times the regular rate of pay for all services performed in excess of forty hours per week.

81. This Complaint is being brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) of the FLSA for all claims asserted by Plaintiff because their claims are similar to the claims of the putative representative action Plaintiff.

82. The names and addresses of the putative representative action Plaintiffs are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

83. Defendant failed to compensate Plaintiff and the putative representative action Plaintiffs at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §207(a)(1).

84. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a). Defendant knew or should have known that it is required to pay for the entire continuous workday and Defendant knew that Laborers were not being paid for all hours worked because, among other things, Defendant made a conscious choice to not pay for all hours worked as a matter of policy, employees have made complaints about their

hours paid, and employees are working uncompensated pre- and post-shift hours on-site in front of management.

85. Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the putative representative action Plaintiffs, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other relief as the Court deems just and proper.

86. Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose putative representative action plaintiffs, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, on behalf of himself and all proposed putative representative action Plaintiffs, prays for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed putative representative action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all putative representative action Plaintiffs (the FLSA opt-in class), apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to join pursuant to U.S.C. §216(b);

b. Designation of Plaintiff Friend as Representative Plaintiff of the putative representative action plaintiffs;

c. Designation of Plaintiffs' counsel, The Hodgson Law Firm, LLC, as Class Counsel of the putative members of the FLSA Representative Action;

d. An award of damages for unpaid overtime compensation due to Plaintiff and the putative representative action Plaintiffs, to be paid by Defendant;

e. An award of liquidated damages for minimum wages and overtime compensation due to Plaintiff and the putative representative action to be paid by Defendant; or

f. Pre-Judgment and Post-Judgment Interest as provided by law;

g. Plaintiff's Costs and expenses of this action incurred herein including expert fees;

h. Reasonable attorneys' fees; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

**COUNT II**
**Straight Time Pay for Non-Overtime Workweeks Under Kansas Wage Payment Act (KWPA)**

87. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

88. K.S.A. § 44-314 regulates when an employer must pay employees for hours worked.

89. K.S.A. § 44-314 requires an employer to pay all wages due to the employees on regular paydays.

90. Plaintiff and Defendant agreed that Plaintiff would be paid for all hours worked.

91. The continuous workday rule also requires employers to pay employees for all hours worked from the first integral and indispensable activity to the last.

92. Defendant violated K.S.A. § 44-314 by failing to pay employees for all straight time worked in non-overtime workweeks.

93. By enticing employees to perform work for Defendant and then not paying for all hours worked in non-overtime workweeks, Defendant's conduct represents a willful policy or

practice of nonpayment and requires Defendant to pay double the amount of owed wages to Plaintiffs and those similarly situated pursuant to K.S.A. § 44-315.

94. Plaintiff and Class Members are also entitled to recover penalties and interest from Defendant as provided by K.S.A. § 44-314(b) and K.S.A. § 44-315(b).

95. Plaintiff has met the requirements of Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3).

WHEREFORE, Plaintiff, individually and on behalf of the class of individuals whom he represents, and all similarly situated employees, demand judgment against Defendant and pray for: (1) compensatory damages; (2) interest; (3) and costs as allowed by K.S.A. 44-324; (4) for prejudgment and post judgment interest as provided by law; and (5) for such other relief the Court deems fair and equitable.

## COUNT III – MISSOURI MINIMUM WAGE MAXIMUM HOURS LAWS

**Mo. Rev. Stat. § 290.500, *et. seq*. ("Missouri Wage Claim")**

96. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

97. The Missouri overtimewage law incorporates and is interpreted in conjunction with the FLSA, except where those statutes are explicitly in conflict.

98. Plaintiff and the putative class worked for, and were employed by, Defendant.

99. Said work often required Plaintiff and the putative class to work more than forty (40) hours per week.

100. Plaintiff and the putative class were not properly compensated for this work at the applicable rate of pay.

101. Plaintiff and the putative class are non-exempt employees.

102. Defendant employs/employed other employees who worked in Missouri who

are/were not paid overtime compensation and who were treated as non-exempt employees under the wage statute in Missouri. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

103. Said work often required "similarly situated" employees to work in excess of forty (40) hours per week, and these employees were not properly compensated for this work at the applicable rate of pay.

104. The state wage law in Missouri requires each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

105. These employees are similarly situated in that they are all subject to Defendant's identical compensation policies and plan, which fail to compensate them for all overtime for hours worked.

106. These employees are also similarly situated in that they are all subject to Defendant's compensation policy to fail to pay for all hours worked in violation of Missouri law.

107. This Complaint is brought and maintained as a class action for all Missouri state law claims asserted by Plaintiffs because their claims are similar to the claims of the putative class members.

108. The names and addresses of the putative class members are available from Defendant. Defendant failed to compensate Plaintiff and the putative class members for all hours worked or at the proper rate of pay, and therefore, Defendant has violated and continues to violate the State Wage Laws in Missouri.

109. Plaintiff, on behalf of himself and all similarly situated employees of Defendant

who compose the putative class, seek damages in the amount of all respective unpaid straight time plus overtime compensation at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages in an amount equal to double their unpaid wages, as provided by the state wage laws of Missouri.

110. Plaintiff seeks back wages under state law and such other legal and equitable relief as the Court deems just and proper.

111. Plaintiff, on behalf of himself and all similarly situated employees of Defendant who compose the putative class, seeks recovery of all attorney fees, costs, and expenses of this action to be paid by Defendant.

**WHEREFORE**, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of Plaintiff as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to Plaintiff and the putative class by Defendant;

e. Costs and expenses of this action incurred herein;

f. Reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.

**COUNT IV – QUANTUM MERUIT/UNJUST ENRICHMENT**

112. Plaintiff realleges and incorporates by reference each and every allegation and averment set forth in this Complaint as though fully set forth herein.

113. A benefit has been conferred upon Defendant by Plaintiff.

114. Overhead Door appreciated or knew of the benefit.

115. Overhead Door accepted and/or retained the benefit under such circumstances.

116. It would be inequitable for Defendant to retain the benefit without payment of its value.

117. At Defendant's knowledge and request, Plaintiff and other similarly situated employees provided services in the form of work throughout the continuous workday for Defendant. These services had reasonable value and were performed at an hourly rate.

118. Plaintiff and other similarly situated employees regularly worked hours during the continuous workday without being compensated for this time, despite Defendant's representations to the contrary, and despite state and federal law requirements.

119. Defendant failed to compensate Plaintiff and other similarly situated employees the reasonable value of these services performed on Defendant's behalf during the continuous workday, in violation of its representations and/or obligations under state and federal law.

WHEREFORE, Plaintiff, individually and on behalf of the class of individuals whom he represents, prays for judgment against Defendant on Count IV of the Complaint; for an award of compensatory damages and for such other orders and further relief, including an award of costs and attorney's fees, as this Court deems just and equitable.

WHEREFORE, Plaintiff, on behalf of himself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members, apprising them of the pendency of this action;

b. Designation of Plaintiff Cory Friend as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to Plaintiff and the putative class by Defendant;

e. Costs and expenses of this action incurred herein;

f. Reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further relief as this Court deems necessary, just and proper.

**DEMAND FOR JURY TRIAL**

Comes Now, Plaintiffs, and hereby demand trial of all matters by Jury on all issues so triable.

Respectfully submitted:

**THE HODGSON LAW FIRM, L.L.C.**

By: */s/ Michael Hodgson*
Michael Hodgson MO # 63677
*mike@thehodgsonlawfirm.com*
3609 SW Pryor Rd.,
Lee's Summit, MO 64082
Tel: (816) 600-0117